UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JULIO CESAR BORRELL,

                              **Plaintiff,**

                    v.                                    5:06-CV-441
                                                                  (FJS/DEP)

THE DOMINICAN REPUBLIC GOVERNMENT;
FLAVIO DARIO ESPINAL, Ambassador
(Washington, D.C.); FRANCISCO CARABALLO,
Embassy Legal Unit; and JOHANNA
SANCHEZ, Embassy Legal Unit,

                              **Defendants.**

_____

**APPEARANCES**

**JULIO CESAR BORRELL**
98-A-6799
Auburn Correctional Facility
135 State Street
P.O. Box 618
Auburn, New York 13021

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court is Plaintiff Julio Cesar Borrell's complaint, his motion for appointment of counsel, and his request that the U.S. Marshals Service effect service of his complaint on Defendants. *See* Dkt. Nos. 1, 2, 4, 5. Plaintiff, who is currently incarcerated at Auburn Correctional Facility, has paid the filing fee for this action.

In his complaint, Plaintiff, a citizen of the Dominican Republic, claims that Defendants have refused or failed to assist him in his attempt to gain his release from his alleged illegal imprisonment. *See* Dkt. No. 1 at 2-6.

## II. DISCUSSION

**A.     Complaint**

In light of Plaintiff's *pro se* status, the Court has examined his complaint carefully to determine whether a basis exists for this Court to exercise jurisdiction over his claims. For the following reasons, this Court concludes that it lacks subject matter jurisdiction over all of those claims. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir. 1997) (noting that a district court may raise the issue of subject matter jurisdiction *sua sponte* at any time (quotation and other citations omitted)).

### 1. Defendant The Dominican Republic Government

The Foreign Sovereign Immunities Act ("FSIA") grants district courts subject matter jurisdiction over civil actions against foreign states **to the extent that the foreign state is not entitled to immunity**. *See* 28 U.S.C. § 1330(a). Foreign states are immune from the jurisdiction of the courts of the United States or of the States except as provided in 28 U.S.C. § 1605, which provides, in relevant part, that

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case –
>
> (1) in which the foreign state has waived its immunity either explicitly or by implication . . .;

> (2) in which the action is based upon a commercial activity carried on in the United States by the foreign state . . .;
>
> (3) in which rights in property taken in violation of international law are in issue . . .;
>
> (4) in which . . . rights in immovable property situated in the United States are in issue; [or]
>
> (5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for . . . damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to –
>
>> (A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused . . . .

28 U.S.C. § 1605(a).

The Court finds that, based upon Plaintiff's allegations against The Dominican Republic Government – namely that it failed to represent one of its citizens adequately – none of the exceptions to sovereign immunity set forth in § 1605(a) apply to Plaintiff's claims.[1]

### 2. The Embassy Defendants

Section 1351 of Title 28 of the United States Code provides, in pertinent part, that district courts shall have "original jurisdiction . . . of all civil actions and proceedings against – (1)

---

[1] The only exception that might remotely be relevant to Plaintiff's claims is the tort exception enumerated in § 1605(a)(5). However, even if that exception were applicable to Plaintiff's allegations, Plaintiff's claims would still fail because § 1605(a)(5)(A) "excludes from the exception any claims based upon 'the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused . . . .'" *Simons v. Lycee Francais de New York*, No. 03 Civ. 4972, 2003 WL 22295360, *2 (S.D.N.Y. Oct. 7, 2003) (quotation omitted)); *see also infra* n.3.

consuls or vice consuls of foreign states; or (2) members of a [diplomatic] mission . . . ." 28 U.S.C. § 1351.  However, a treaty may limit this jurisdiction.  *See Whitney v. Robertson*, 124 U.S. 190, 194 (1888) (noting that "[b]y the constitution, a treaty is placed on the same footing, and made of like obligation, with an act of legislation"); *Risk v. Halvorsen*, 936 F.2d 393, 397 (9th Cir. 1991) (holding that "[j]urisdiction under § 1351 may be limited by treaty" (citation omitted)).  "The Vienna Convention provides diplomats with absolute immunity from criminal prosecution and protection from most civil and administrative actions brought in the 'receiving State,' *i.e.*, the state where they are stationed." *Tabion v. Mufti*, 73 F.3d 535, 537 (4th Cir. 1996).  Article 31 of the Vienna Convention on Diplomatic Relations provides, in pertinent part, that "[a] diplomatic agent shall enjoy immunity from the criminal jurisdiction of the receiving State.  He shall also enjoy immunity from its civil and administrative jurisdiction . . . ."[2]  Vienna Convention on Diplomatic Relations and Optional Protocol on Disputes, Apr. 18, 1961, art. 31(1), 1972 WL 122692 (U.S. Treaty), T.I.A.S. No. 7502, 23 U.S.T. 3227.[3]  Defendants Espinal,

---

[2] Article 31 lists three exceptions to diplomatic immunity, none of which are applicable to the present case.  These three exceptions are

> (a) a real action relating to private immovable property situated in the territory of the receiving State, unless he holds it on behalf of the sending State for the purposes of the mission; (b) an action relating to succession in which the diplomatic agent is involved as executor, administrator, heir or legatee as a private person and not on behalf of the sending State; [and] (c) an action relating to any professional or commercial activity exercised by the diplomatic agent in the receiving State outside his official functions.

Vienna Convention on Diplomatic Relations and Optional Protocol on Disputes, Apr. 18, 1961, art. 31, 1972 WL 122692 (U.S. Treaty), T.I.A.S. No. 7502, 23 U.S.T. 3227.

[3] The Vienna Convention on Diplomatic Relations is applicable to the United States.  *See*
(continued...)

Caraballo, and Sanchez are embassy officers, employees or support staff within the meaning of the Vienna Convention on Diplomatic Relations.[4] *See* 1972 WL 122692, art. 1, 23 U.S.T. 3227.

In his complaint, Plaintiff essentially alleges that Defendants Espinal, Caraballo, and Sanchez failed to fulfill their duties to represent him even though he is a citizen of the Dominican Republic. Since these Defendants were acting (or, according to Plaintiff, failed to act) in the scope of their official embassy functions, they are entitled to full immunity from this civil action under the Vienna Convention on Diplomatic Relations.[5]

### 3. Dismissal for lack of subject matter jurisdiction

Based upon the foregoing, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claims and, therefore, dismisses this action.[6]

---

[3](...continued)
*Tabion*, 73 F.3d at 536 n.1 (citing 22 U.S.C. §§ 251-59 [(the "Diplomatic Relations Act")]). The Dominican Republic is also a party to the same treaty. *See* http://untreaty.un.org/ENGLISH/bible/englishinternetbible/partI/chapterIII/treaty29.asp.

[4] Although the Vienna Convention refers only to "mission," the term generally used is "embassy." *See United States v. Kostadinov*, 734 F.2d 905, 906 n.1 (2d Cir. 1984).

[5] Article 3 of the Vienna Convention on Diplomatic Relations provides, in pertinent part, that "[t]he functions of a diplomatic mission consist *inter alia* in: . . . (b) protecting in the receiving State the interests of the sending State and of its nationals, within the limits permitted by international law . . . ." 1972 WL 122692, art. 3, 23 U.S.T. 3227.

[6] A court may dismiss an *in forma pauperis* complaint as factually frivolous if the facts alleged are clearly baseless, a category that includes allegations that are fanciful, fantastic, and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted). Thus, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." *Id.* at 33. Moreover, in this case, because all of the Defendants are immune from civil liability, allowing Plaintiff to submit an amended complaint would be futile. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir.
(continued...)

B. **Plaintiff's motion for appointment of counsel**

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon a motion for appointment of counsel. In deciding whether to appoint counsel, the court "'should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider'" a number of other factors in making its determination. *Id.* at 1341 (quoting [*Hodge v. Police Officers*, 802 F.2d 58,] 61-62 [(2d Cir. 1986)]) (other citation omitted). Of these criteria, the most important is the merits, i.e., "'whether the indigent's position was likely to be of substance.'" *McDowell v. State of N.Y.*, No. 91 Civ. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper*, 877 F.2d at 172). Thus, although "[i]ndigents do not have to demonstrate that they can win their cases without the aid of counsel[,] they do have to show likely merit." *Id.* (citation omitted).

In this case, the Court has concluded that Plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction. Accordingly, because Plaintiff has failed to establish that his claims are likely to be of substance, the Court denies Plaintiff's motion for appointment of counsel.

C. **Plaintiff's request that the U.S. Marshals Service effect service of his complaint on Defendants**

Having dismissed Plaintiff's complaint, the Court denies as moot his request that the U.S.

---

[6](...continued)
2000) (stating that district court may dismiss action *sua sponte* notwithstanding fact that the plaintiff has paid the statutory filing fee).

Marshal effect service of his complaint on the Defendants.

### III. CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED** for lack of subject matter jurisdiction; and the Court further

**ORDERS** that Plaintiff's motion for appointment of counsel is **DENIED**; and the Court further

**ORDERS** that Plaintiff's request that the U.S. Marshals Service effect service of his complaint on Defendants is **DENIED AS MOOT**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: June 8, 2006
      Syracuse, New York

                                    Frederick J. Scullin, Jr.
                                    Senior United States District Court Judge